IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KERRI SNYDER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:21-cv-02776-PX |
| UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |

\*\*\*

## MEMORANDUM OPINION

Pending before the Court is the motion to dismiss filed by the United States of America ("the Government"), contending that this suit is time barred. ECF No. 19. The Court notified pro se Plaintiff Kerri Snyder ("Snyder") of her right to respond to the motion, but she has not responded and the time for doing so has passed. ECF No. 21. No hearing is necessary. *See* D. Md. Loc. R. 105.6. For the reasons discussed below, the motion to dismiss is granted. Snyder shall be given 28 days to file an amended complaint to make plausible that equitable tolling should apply to her claim.

**I.     Background**

On November 24, 2019, Plaintiff Kerri Snyder ("Snyder") was in a car accident with a United States Postal Service ("USPS") employee. ECF No. 1 ¶ 1. Through Snyder's insurance carrier, USPS reimbursed Snyder for all damages save for $1,126.88 in out-of-pocket expenses. ECF Nos. 1 ¶¶ 1-2 & 1-1 at 3. On October 26, 2020, Snyder submitted to USPS an administrative claim for reimbursement for those expenses (ECF No. 19-2), as is required pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. The parties next tried unsuccessfully to settle the matter.

On April 28, 2021, USPS formally denied Snyder's claim. ECF No. 1 ¶ 3; *see also* ECF

No. 1-1 at 1. In the formal written denial, USPS expressly notified Snyder that she could "file suit in a United States District Court," but must do so "no later than (6) six months after the date the Postal Service mails notice of that final action." ECF No. 1-1 at 1. Six months and one day later, on October 29, 2021, Snyder filed this lawsuit. ECF No. 1. The Government now moves to dismiss the claim for failure to timely file suit pursuant to the FTCA. ECF No. 19.

## II.     Legal Standard

Although the Government styles the motion as one to dismiss for lack of jurisdiction, failure to exhaust does not implicate this Court's power to hear the case. *See Raplee v. United States*, 842 F.3d 328, 335 (4th Cir. 2016) (recognizing that "the FTCA's limitations period is not a jurisdictional rule but a claims-processing one"). Rather, it is more properly brought as a challenge to the sufficiency of the claim under Rule 12(b)(6). *See Lucas v. United States of America*, No. DKC 14-2032, 2016 WL 1446782, at *1 n.1 (D. Md. Apr. 13, 2016); *cf. Greer v. Trinity Fin. Servs., LLC*, No. JKB-20-0972, 2021 WL 75161, at *3 (D. Md. Jan. 8, 2021) ("Rule 12(b)(6) motions to dismiss should not be conflated with Rule 12(b)(1) motions.") (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515-16 (2006)).

In reviewing a motion to dismiss under Rule 12(b)(6), the Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive challenge, the complaint's factual allegations "must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). The complaint must aver "more than the mere possibility of misconduct"; the facts of the complaint, accepted as

true, must demonstrate that the plaintiff is entitled to relief. *See Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015) (quoting *Iqbal*, 556 U.S. at 679), *aff'd in relevant part*, 659 F. App'x 744 (4th Cir. 2016).

Where the plaintiff proceeds pro se, the Court must afford the pleading an especially generous reading to ensure that potentially meritorious claims survive challenge. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). That said, the Court cannot ignore a pro se plaintiff's clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions that are squarely presented to a court may properly be addressed." (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985))).

**III.    Analysis**

The Government singularly argues that the claim must be dismissed because Snyder failed to timely file suit in this Court. ECF No. 19-1 at 2. The FTCA plainly requires that suit must be filed in federal court "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim[.]" 28 U.S.C. § 2401(b); *see also Bacci v. United States*, No. TDC-20-2387, 2021 WL 4990181, at *1 (D. Md. Aug. 18, 2021). Pertinent here, the six-month period is measured from when the denial-of-claim letter is mailed, not received. 28 U.S.C. § 2401(b); *see also* 39 C.F.R. § 912.9(a) ("[I]f the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notation.").

It is undisputed that USPS mailed its denial-of-claim letter to Snyder on April 28, 2021. ECF No. 1-1 at 1. Accordingly, Snyder was required to file suit no later than October 28, 2021.

3

*See Lee v. United States*, No. 1:19-cv-02037 JMC, 2022 WL 2347079, at *4 n.4 (D.S.C. June 28, 2022) (Childs, J.) (explaining, in an FTCA case, that "Fourth Circuit courts generally use the 'anniversary method' when calculating statutes of limitations") (citing *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000)).  However, Snyder filed suit one day late, on October 29, 2021.  ECF No. 1.  Thus, the claim must be dismissed as time barred.

Nonetheless, the period for filing pursuant to the FTCA is subject to equitable tolling. *U.S. v. Wong*, 575 U.S. 402, 420 (2015).  Equitable tolling applies where the plaintiff demonstrates that, despite her diligent pursuit of her claim, "extraordinary circumstances prevented [her] from filing on time." *Raplee*, 842 F.3d at 333 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *see also Lucas*, 2016 WL 1446782, at *2.

The Government is silent on the applicability of equitable tolling.  From what the Court can discern, Snyder appears to have diligently pursued her administrative claim with USPS, and only missed the deadline to file suit in this Court by one day.  But no facts explain what, if any, extraordinary circumstance prevented her from filing her Complaint on time.  Although Snyder references general difficulties that she encountered during the COVID-19 pandemic (ECF No. 1 ¶ 4), nothing suggests that COVID-related obstacles arising from illness, closures, or delays prevented her from filing suit.  *Cf. Bacci*, 2021 WL 4990181, at *3 (excusing eight-day delay for exhausting administrative remedies where plaintiff explained difficulties related to the COVID-19 pandemic); *see also Baxter v. Burns & McDonnell Eng'g Co., Inc.*, No. JKB-19-3241, 2020 WL 4286828, at *3 (D. Md. July 27, 2020) (equitably tolling statute of limitations for opt-in plaintiffs under Fair Labor Standards Act due in part to COVID-19 pandemic).

The Court recognizes that Snyder proceeds pro se and that she missed the filing deadline by a matter of hours.  In fairness, the Court will grant Snyder the opportunity to amend the

Complaint to address the applicability of equitable tolling. Snyder should take particular care to aver any facts which show that extraordinary circumstances prevented her from timely filing this lawsuit.

### IV.   Conclusion

Based on the foregoing, the Government's motion to dismiss is granted. Within 28 days from the date of this Opinion and Order, Snyder must file an amended complaint consistent with this decision. Failure to file an amended complaint will result in dismissal of the current Complaint with prejudice and without further warning.

A separate Order follows.

| | |
|---|---|
| 4/19/2023 | /s/ |
| Date | Paula Xinis<br>United States District Judge |